IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY TODD MILLER,

                         Petitioner,                                OPINION AND ORDER

   v.                                                                  14-cv-887-wmc

J.B. VAN HOLLEN, Attorney General,
State of Wisconsin,

                         Respondent.

---

Petitioner Anthony Todd Miller is presently serving a sentence of extended supervision by the State of Wisconsin. Miller seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state judgment of conviction from St. Croix County. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this case is subject to dismissal for the reason set forth below.

FACTS

The following facts are taken from the petition and the attached state court records provided by the petitioner:

In St. Croix County Case No. 08CF418, Miller was charged with two counts of possessing child pornography. Miller entered a guilty plea to both counts. On August 17, 2009, the St. Croix County Circuit Court sentenced him to serve a fifteen-year sentence, including five years of initial confinement followed by a ten-year term of extended supervision.

On direct appeal, Miller argued that the circuit court erred by denying a post-conviction motion to withdraw his guilty plea. Miller argued further that there was no evidence to support the conviction, that he was denied effective assistance of counsel and that there was a defect in the plea colloquy. On August 14, 2012, the Wisconsin Court of Appeals rejected his arguments and affirmed the conviction in an unpublished opinion. *See State v. Miller*, 2012 WI App 106, 344 Wis. 2d 297, 821 N.W.2d 412. Miller did not file a petition for review with the Wisconsin Supreme Court.

On December 26, 2012, Miller filed a motion for post-conviction relief pursuant to § 974.06, asserting the following grounds for relief:

> (1) no evidence exists, and none was introduced to support a conviction for the offense charged; (2) the failure of the court to establish a factual basis, on the record, thereby failing to meet the constitutional standard required; (3) an element was missing from the plea questionnaire and charging documents; (4) no waiver was obtained of my right to appeal, thus violating the Constitution; (5) the violation of my 6th Amendment right to a jury trial on the missing element; (6) the court was without jurisdiction to impose sentence because the complaint was void and filing of the complaint without sufficient evidence to support a conviction violates due process; (7) the infringement of my right against self-incrimination under the United States and Wisconsin Constitutions; (8) the search warrant issued by a court without jurisdiction to do so; and (9) the abridgment of rights guaranteed by the constitutions and laws of this state and the United States, including a right that was not recognized as existing at the time of the original action.

In an order entered May 14, 2013, the circuit court denied Miller's motion, rejecting his challenge to the factual basis for his guilty pleas on the merits and further determining that Miller's pleas had waived his right to challenge the validity of the search warrant. In so doing, the court applied the general rule that a valid guilty plea waives all non-jurisdictional defects and defenses, including alleged violations of constitutional

2

rights before the plea. *See State v. Riekkoff*, 112 Wis. 2d 119, 123, 332 N.W.2d 744 (1983) (citing *Hawkins v. State*, 26 Wis. 2d 443, 448, 132 N.W.2d 545 (1965)). The court alternatively determined that Miller's search-warrant challenge, along with his remaining claims, were procedurally barred under *State v. Escalona-Naranjo*, 185 Wis.2d 168, 181-82, 517 N.W.2d 157 (1994).[1]

After the circuit court denied relief, Miller filed a motion for reconsideration, asserting that (1) there was no evidence to support his conviction; (2) the State failed to meet its burden to establish every element of the offense; and (3) there was no factual basis for his guilty pleas. On October 8, 2013, the circuit court denied the motion for reconsideration.

On September 3, 2013, Miller filed a notice of appeal from both the order denying his motion for post-conviction relief under § 974.06 and the order denying his motion for reconsideration. The Wisconsin Court of Appeals determined that it lacked jurisdiction to review the order denying Miller's § 974.06 motion because he failed to timely file his notice of appeal in compliance with Wis. Stat. Rule 809.10(1)(e). *See State v. Miller*, 2014 WI App 83, ¶ 6, 355 Wis. 2d 579, 851 N.W.2d 472 (unpublished). Accordingly, jurisdiction was "limited to reviewing the order denying reconsideration, and only to the extent that Miller's reconsideration motion raised issues not addressed in the order from

---

1 The rule in *Escalona-Naranjo* stands for the proposition that "due process for a convicted defendant permits him or her a single appeal of that conviction and a single opportunity to raise claims of error." *State ex rel. Macemon v. Christie*, 216 Wis. 2d 337, 343, 576 N.W.2d 84 (Ct. App. 1998). Thus, claims that could have been raised on direct appeal or by prior motion are barred from being raised in a post-conviction motion absent a sufficient reason for not raising the claims earlier. *See State v. Lo*, 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756.

which reconsideration was sought." *Id.* (citing *Silverton Enters., Inc. v. General Cas. Co.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Ct. App. 1988) (appeal cannot be taken from order denying reconsideration motion that presents same issues as those determined in order sought to be reconsidered)).

Noting that Miller's motion for reconsideration "merely repackaged some of the same arguments" determined in the order sought to be reconsidered, the court of appeals rejected his appeal for lack of jurisdiction. *See id.*, 2014 WI App 83, ¶ 7 (citing *Silverton Enters.*, 143 Wis. 2d at 665). Observing further that any "new" claims raised by Miller were procedurally barred under *Escalona-Naranjo*, the court of appeals declined to consider the merits of his claims and affirmed the underlying conviction on June 10, 2014. *See id.* at ¶ 8. The Wisconsin Supreme Court summarily denied his petition for review on November 13, 2014.

In his pending habeas corpus petition, Miller now contends that he is entitled to relief pursuant to 28 U.S.C. § 2254 for the following reason: (1) there was no evidence to support his conviction; (2) the State failed to establish a sufficient factual basis to support his plea; and (3) the criminal complaint was defective for failing to allege all the elements of the offense. The court finds that review of these claims is barred by the doctrine of procedural default.


OPINION

As the chronology of this case reflects, Miller's claim concerning the sufficiency of his criminal complaint was not raised previously in state court. A federal habeas corpus

court may not entertain a state prisoner's petition for relief unless he has first exhausted all remedies available in state court.   28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).   In Wisconsin, state prisoners wishing to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court.   *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). A petitioner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented or exhausted his claims and those claims are procedurally defaulted.   *Boerckel*, 526 U.S. at 848.

Miller's remaining claims were rejected by the Wisconsin Court of Appeals for procedural reasons based on state-law grounds.   *See State v. Miller*, 2014 WI App 83, ¶¶ 7-8, 355 Wis. 2d 579, 851 N.W.2d 472 (unpublished). Specifically, Miller failed to file a timely notice of appeal from the circuit court's order denying his motion for post-conviction relief under § 974.06.   Miller's subsequent attempt to raise these claims in a motion for reconsideration was ineffective to confer appellate jurisdiction.   *See id*., 2014 WI App 83, ¶ 7 (citing *Silverton Enters*., 143 Wis. 2d at 665).

When a state court resolves a federal claim by relying on a state-law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed.   *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).   A state-law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. *Kaczmarek*, 627 F.3d at 592.   A state-law ground is

adequate when it is a firmly established and regularly followed state practice at the time it is applied. *Id*. The failure to file a timely notice of appeal from an order denying a post-conviction petition for relief is the type of procedural default that is sufficient to bar federal review. *See Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993). Accordingly, Miller's procedural default bars federal review unless he establishes that an exception applies.

A habeas petitioner may overcome procedural default by establishing cause for the default, as well as that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show actual prejudice, he must present evidence that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Carrier*, 477 U.S. at 496); *accord Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his original petition. *Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to

answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). In this instance, a motion to dismiss the petition as procedurally barred is inevitable.

Therefore, Miller will be allowed an opportunity to overcome the procedural default with respect to his claims by showing: (1) what cause he may have for his failure to properly present his defaulted claims and (2) what prejudice he suffered; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent. Miller should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

ORDER

IT IS ORDERED that:

(a) Petitioner Anthony Todd Miller is directed to show cause, if any, by responding in writing within thirty (30) days of the date of this order why his petition should not be dismissed as barred by the doctrine of procedural default by showing: (1) what cause he may have for his failure to properly present his defaulted claims in state court and (2) what prejudice he suffered; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent.

(b) Miller should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements

he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

(c) No further action will be taken in this case until Miller files a response to this order. **Miller is advised that if he does not respond to this order as directed this case will be dismissed without further notice under Fed. R. Civ. P. 41(b).**

Entered this 29th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

8